UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY MARSHALL,

        Petitioner,

v.                                  CASE NO. 2:05-CV-72645-DT
                                  HONORABLE GEORGE CARAM STEEH

BARRY D. DAVIS,

        Respondent.
_____/

## OPINION AND ORDER
## DENYING THE HABEAS CORPUS PETITION
## AND DENYING PETITIONER'S MOTION TO DISMISS
## THE PETITION WITHOUT PREJUDICE

Petitioner Bobby Marshall has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Also pending before the Court is Petitioner's motion to dismiss his habeas petition without prejudice so that he can pursue an additional claim in state court. Respondent opposes the habeas petition, but he has not filed an answer to Petitioner's pending motion.

The Court has concluded from a review of the pleadings and the state court record that Petitioner is not entitled to habeas relief. The Court also has concluded that it would be a waste of judicial resources to permit Petitioner to pursue state remedies for his unexhausted new claim. Accordingly, Petitioner's motion and his application for the writ of habeas corpus will be denied.

## I.  Background

Petitioner and his wife, Chastity Freeman, were charged in Macomb County, Michigan with one count of assault with intent to rob while armed, one count of conspiracy to commit armed robbery, and one count of possession of a firearm during the commission or attempt to

commit a felony (felony firearm). The charges arose from an incident on April 18, 2002, when Petitioner and his wife Chastity Freeman allegedly attempted to rob the Dollar Bills store in Warren, Michigan. Petitioner allegedly pointed a gun at the two store clerks on duty, but left without taking anything after one of the clerks ran out the back door. Ms. Freeman remained outside during the incident, but one of the store clerks recognized her as someone who formerly worked at the store.

Petitioner's defense was that he went to the store alone to make a purchase and that he got into an argument with one of the clerks and punched her. He denied intending to rob anyone, and he claimed that he was not carrying a gun. Counsel for Petitioner argued that, at most, Petitioner was guilty of a lesser offense such as assault.

Petitioner and Ms. Freeman were tried jointly before Macomb County Circuit Judge Matthew S. Switalski. Following a bench trial, Petitioner was convicted of assault with intent to rob while armed, MICH. COMP. LAWS § 750.89, and felony firearm, MICH. COMP. LAWS § 750.227b.[1] The trial court sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive term of six to twenty years for assault with intent to rob while armed.

Petitioner subsequently filed a motion for new trial in which he alleged that his trial attorney performed ineffectively by failing to impeach a key prosecution witness with her testimony at the preliminary examination. The trial court stated that the motion was untimely, that it referenced "Dwayne Mack" instead of Petitioner, and that it failed to present any

---

[1] The conspiracy count was dismissed during trial. Ms. Freeman was convicted of assault with intent to rob and acquitted of the felony firearm count.

compelling arguments or legal authority in support of the claim about trial counsel. The court concluded that Petitioner had not met his burden of showing that defense counsel's performance was deficient and that the deficiency was prejudicial.

Petitioner alleged on appeal that the trial court erred when it denied his motion for new trial and that there had been insufficient evidence of an intent to rob the store. The Michigan Court of Appeals determined that the trial court erred when it concluded that Petitioner's motion for new trial was untimely, but that the trial court did not err in denying a new trial based on ineffective assistance of counsel. The court of appeals also concluded that the evidence was sufficient to support Petitioner's conviction for assault with intent to rob while armed. *See People v. Marshall*, No. 247795 (Mich. Ct. App. Oct. 5, 2004) (unpublished opinion). Petitioner raised the same claims in the Michigan Supreme Court, and on May 31, 2005, the state supreme court denied leave to appeal. *See People v. Marshall*, 472 Mich. 915; 697 N.W.2d 153 (2005) (table).

Petitioner filed his habeas corpus petition on July 5, 2005. The grounds for relief are:

I. The trial court erred when it denied the motion for a new [trial] when trial counsel performed ineffectively by failing to impeach the key witness with her inconsistent statement at the preliminary exam.

II. There was insufficient evidence to prove that Bobby Marshall intended to rob the store.

Respondent argued in a responsive pleading filed through counsel that the Court should deny the habeas petition because the state court's adjudication of Petitioner's claims is not contrary to, or an unreasonable application of, Supreme Court precedent. Petitioner then moved to voluntarily dismiss his habeas petition without prejudice.

3

## II.  Petitioner's Motion to Dismiss

Petitioner seeks to dismiss his habeas petition without prejudice so that he can raise a new claim of ineffective assistance of appellate counsel in state court.  Habeas petitioners must exhaust state remedies for their claims before raising them in a federal habeas corpus petition, *Baldwin v. Reese*, 541 U.S. 27, 29 (2004), and federal district courts ordinarily must dismiss a habeas petition containing claims that have not been exhausted in the state courts.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  Courts may adjudicate unexhausted claims "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," if the habeas petition is denied.  28 U.S.C. § 2254(b)(2).

Petitioner's claim about appellate counsel lacks merit, and courts may excuse the failure to exhaust state remedies when it would be a waste of time and judicial resources to require exhaustion.  *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999) (quoting *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991)).  The Court therefore DENIES Petitioner's motion to dismiss his habeas without prejudice.  The Court will proceed to address the claim about appellate counsel, as well as Petitioner's other claims, in light of the following standard of review.

## III.  Standard of Review

Petitioner is not entitled to the writ of habeas corpus unless he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam* opinion) (emphasis in original). "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004), *cert. denied*, 544 U.S. 931 (2005).

### IV.  Discussion

### A.  Trial Counsel

The first habeas claim alleges that Petitioner's trial attorney performed ineffectively by failing to impeach a key witness with her inconsistent statement at the preliminary examination.[2]

---

[2] Although the "supporting facts" for this claim state that defense counsel failed to impeach two key prosecution witnesses with their criminal records, Petitioner has not developed this claim in his brief, and there is no evidence in the record that the two witnesses had criminal records. Petitioner's real claim is that defense counsel failed to impeach one of the witnesses with her testimony from the preliminary examination. The allegations about the witnesses' criminal records is an excerpt from Petitioner's state appellate brief, where appellate counsel was summarizing the facts in *People v. Nickson*, 120 Mich. App. 681; 327 N.W.2d 333 (1982).

**1.** *Strickland v. Washington*

*Strickland v. Washington*, 466 U.S. 668, 687 (1984), "qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" *Williams v. Taylor*, 529 U.S. 362, 391 (2000) (quoting 28 U.S.C. § 2254(d)(1)). Therefore, to prevail on a claim of ineffective assistance, Petitioner must show that the state court's conclusion was an unreasonable application of *Strickland*. The Supreme Court explained in *Strickland* that the test for ineffective assistance has two components: "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Id*. at 687. "If the defendant makes an insufficient showing on either component of the ineffective assistance of counsel inquiry, it is not necessary to examine the remaining prong of the test." *Barnes v. Elo*, 339 F.3d 496, 502 (6th Cir. 2003) (citing *Strickland*, 466 U.S. at 697), *cert. denied*, 540 U.S. 1164 (2004).

An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. The defendant

must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Failure to impeach an eyewitness with prior inconsistent statements amounts to ineffective assistance of counsel when there is only one eyewitness, no other defense is available, and the evidence was not overwhelming. *See Blackburn v. Foltz*, 828 F.2d 1177, 1183-86 (6th Cir. 1987); *see also Tucker v. Prelesnik*, 181 F.3d 747, 753-56 (6th Cir. 1999) (concluding that defense counsel's failure to impeach the complainant with medical records demonstrating a faulty memory amounted to ineffective assistance of counsel).

### 2. Analysis

At the preliminary examination, Barbara Norris Ayoub testified that she assumed Petitioner intended to rob the store and that she probably would have given him money if he had asked for it. She did not mention that Petitioner asked for the combination to the safe.[3] At trial, Ms. Norris Ayoub testified that Petitioner wanted her to go to the back of the store to write down the numbers of the safe. (Tr. Jan. 30, 2003, at 57-58, 78-80).

Petitioner's attorney did not cross-examine Norris Ayoub about her failure to mention at the preliminary examination that Petitioner had asked about the combination to the safe. However, defense counsel did question Norris Ayoub about her statement to the police in which she failed to mention that Petitioner pushed her toward the back of the store and requested the numbers to the safe. (*Id*. at 74-81.) Defense counsel also attempted to show that Ms. Norris

---

[3] Although Respondent did not file the transcript of the preliminary examination, these facts were gleaned from the parties' pleadings and the opinion of the Michigan Court of Appeals.

Ayoub's testimony at trial differed from her testimony at the preliminary examination on the matter of whether she was bent down behind the counter when Petitioner approached or whether she was standing and looking at Petitioner the whole time. (*Id*. at 82-87.) In addition, counsel for Petitioner's co-defendant pointed out that Ms. Norris Ayoub did not testify at the preliminary examination, as she did at trial, that the co-defendant pointed a gun directly at Norris Ayoub. (*Id*. at 70-72 and 88.) Petitioner's attorney argued at the close of the case that Norris Ayoub's testimony was inconsistent and not credible. (Tr. Feb. 7, 2003, at 77-79.)

The cross-examinations and defense counsel's closing argument were sufficient to place the matter of Ms. Norris Ayoub's credibility before the trial court. Therefore, defense counsel's failure to impeach Ms. Norris Ayoub with her previous failure to mention that Petitioner wanted the combination to the safe did not amount to ineffective assistance. In the words of the Michigan Court of Appeals, "[w]hile counsel could have specifically asked more questions about the preliminary examination testimony, . . . there is no indication that more detailed cross-examination would have affected the outcome of the case." This Court's confidence in the outcome of the trial is not undermined by the alleged deficiency, because the other eyewitness to the crime established Petitioner's criminal intent when she testified that Petitioner had said, "This is a robbery." (Tr. Jan. 30, 2003, at 29.)

Petitioner has failed to show that defense counsel's performance was deficient and that the deficiency prejudiced the defense. Therefore, the Michigan Court of Appeals did not unreasonably apply *Strickland's* two-pronged test when it concluded that defense counsel was not ineffective.

### B. Sufficiency of the Evidence

The second habeas claim alleges that there was insufficient evidence to support Petitioner's conviction for assault with intent to rob while armed. The elements of this offense are: "(1) an assault with force or violence; (2) an intent to rob and steal; and (3) [the] defendant's being armed." *People v. Smith,* 152 Mich. App. 756, 761; 394 NW2d 94, 97 (1986). Petitioner argues that there was no evidence of an intent to rob the store.

The critical inquiry on habeas review of the sufficiency of the evidence to support a criminal conviction is

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. [T]his inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citation and footnote omitted) (emphasis in original).

The Michigan Court of Appeals used the same standard of review and determined that, "a reasonable finder of fact could conclude beyond a reasonable doubt that defendant intended to rob the store." *Marshall*, Mich. Ct. App. No. 247795, at 2. In reaching this conclusion, the court of appeals noted that Petitioner went "into a store at closing time, made a purchase, then turned a gun on the employees and directed them to the back room and told one of them to give him the numbers for the safe . . . ." *Id.*

The state court's brief summary of the facts is supported by the testimony of Mildred Patterson and Barbara Norris Ayoub, who were working when Petitioner entered the store, pointed a gun at them, and directed them to the back of the store. *See* Tr. Jan. 30, 2003, at 6-38

9

(Mildred Patterson's testimony) and at 39-88 (Barbara Norris Ayoub's testimony).   Mildred Patterson testified that she thought Petitioner had said, "This is a robbery" or "This is a robbery, get in the back."  (*Id*. at 29.)  Barbara Norris Ayoub did not hear Petitioner say, "This is a robbery," but she testified that Petitioner wanted them to go to the back of the store to write down the numbers to the safe.  (*Id*. at 57-58, 78-80, and 87.)  A rational trier of fact could have concluded from this testimony that Petitioner intended to rob the store.  Therefore, the state court's conclusion was not an unreasonable application of *Jackson*, and Petitioner has no right to habeas relief on the basis of his second claim.

## C.  Appellate Counsel

Petitioner's unexhausted claim alleges ineffective assistance of appellate counsel. Petitioner asserts that, in the motion for new trial, his appellate attorney (1) referred to him as Dwayne Mack, (2) misstated the facts, and (3) failed to show how the cited case was relevant.

 "A defendant is entitled to the effective assistance of counsel in his first appeal of right," and the same standard that is used to evaluate trial counsel's performance (*Strickland*) is used to judge an appellate attorney's performance.  *Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir. 2004). Thus, to establish ineffective assistance of appellate counsel, Petitioner must show that his appellate attorney's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.

The caption of Petitioner's motion for new trial is correct, but the body of the motion refers to "Dwayne Mack" and states that Mack was convicted of armed robbery and felony firearm.  The motion cites one decision, but it does not discuss that decision or even include a

parenthetical explanation of the case and its relevance to Petitioner's case.

Counsel obviously erred when she referred to a different person and a different conviction in the body of her motion. The trial court noted the errors and stated that it had difficulty with the motion due to the factual error, as well as, appellate counsel's failure to present any compelling arguments or legal authority in support of her claim.

The same attorney filed a good brief on appeal, and the Michigan Court of Appeals did not deny relief on the basis of errors or omissions in the motion for new trial. The court of appeals adjudicated the substantive merits of the underlying claim about trial counsel.

This Court concludes that the deficiencies in appellate counsel's post-conviction motion did not prejudice Petitioner's appeal. Accordingly, Petitioner has not shown deficient performance *and* prejudice, as required by *Strickland*, and he is not entitled to habeas relief on the basis of his claim about appellate counsel.

## V. Conclusion

The state court's adjudication of Petitioner's exhausted claims was not contrary to, or an unreasonable application of, Supreme Court precedent, and Petitioner's unexhausted claim about appellate counsel has no merit. Accordingly, the application for a writ of habeas corpus [Doc. 1, July 5, 2005] is DENIED. Petitioner's motion to dismiss the habeas petition without prejudice [Doc. #19, Feb. 21, 2006] likewise is DENIED. The Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's

claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: July 24, 2006

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 24, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---